UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

In re:

YVONNE J. MCINTOSH,

        Debtor.

Case No. 15-00103-GS
Chapter 13

## ORDER TO ALLOW LOAN MODIFICATION

Secured creditor LSF9 Master Participation Trust has moved for an order approving a loan modification with the debtor. The debtor is well into a five year plan. The motion seeks to modify the automatic stay to permit the parties to proceed with the loan modification to the extent necessary. The motion further states that the loan modification effectively cures all pre- and post-petition arrears. The motion attaches a copy of the Loan Modification Agreement, which includes a summary of the initial loan modification period and discloses that the loan term is being extended forty years. Pursuant to the modification, the loan would now mature in 2059.[1] The modification also

---

[1] The motion does not include a comparison of the present terms of the loan and those proposed in the loan modification. The court is unable to examine the best interests of the debtor without such information. In the future, any such motions should, at a minimum, include the following information in a chart form:

|  | Old Loan Terms | New Loan Terms |
|---|---|---|
|  |  |  |
| Principal Balance |  |  |
| Interest Rate |  |  |
| Interest Type |  |  |
| Maturity Date |  |  |
| Principal and Interest Amount |  |  |

adjusts the interest rate, which will range from 4.625% for an initial five-year term to 8.00%. The motion was noticed, and no objections have been filed.

The motion is directed towards approval of the loan modification. However, it is not the debtor that seeks approval for the loan modification, but the secured creditor. For this reason, the motion also seeks relief from the automatic stay to enter the modification. Based upon the representation of the movant, the court will modify the stay to permit the parties to proceed with modification, but any such loan modification remains for the debtor to decide whether she will agree to the modification. Nothing in this order shall be deemed to require the debtor to do so.

Having examined the terms of the proposed modified loan, the court finds them to be reasonable as it appears that post-petition arrears have arisen that are being capitalized, while still enabling the debtor to reduce her monthly payment substantially for the next five years.

Therefore,

| Total Payment (including escrow, if applicable) | |
|---|---|
| Pre-Petition Arrears Capitalized | |
| Post-Petition Arrears Capitalized | |
| Post-Petition Fees Capitalized | |

2

**IT IS HEREBY ORDERED** that the Motion for Order Approving Loan Modification Agreement (ECF No. 77) is GRANTED, and the automatic stay is modified to permit the parties to modify the terms of their existing loan secured by 2235 Cowles Street, Fairbanks, AK 99701, legally described as:

> Lot 6, Block 76 of the Subdivision of Block 76 BJERREMARK HOMESTEAD SUBDIVISION, according to the plat filed August 17, 1959 as Instrument Number 191,898; Records of the Fairbanks Recording District, Fourth Judicial District, State of Alaska,

The debtor may enter into the proposed loan modification with LSF9 Master Participation Trust, but nothing in this order shall be deemed to require the debtor to do so.

DATED: May 16, 2019

BY THE COURT

 /s/ Gary Spraker
GARY SPRAKER
United States Bankruptcy Judge

Serve:  Stonewall Jason Crawford, Esq.
Devoron K. Hill, Esq.
Nacole M. Jipping, Trustee
U.S. Trustee
ECF Participants via NEF